F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LIGHTFOOT HAWKINS,

    Defendant-Appellant.

No. 98-6129

(D.C. No. CR-97-209-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

Pursuant to a plea agreement, Defendant Lightfoot Hawkins, a member of the Cheyenne-Arapaho Tribe, pled guilty to one count of sexual contact with a minor under the age of twelve on Indian land in violation of 18 U.S.C. §§ 1153 & 2244(a)(1). The district court sentenced Defendant to ninety-seven months imprisonment and ordered him to make restitution to the victim's mother in the amount of $7,200.00. Defendant

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

appealed. Defense counsel subsequently moved to withdraw on the ground that the appeal is frivolous. See Anders v. California, 386 U.S. 738 (1967). Pursuant to 10th Cir. R. 46.4.2, the court clerk notified Defendant of counsel's motion, to which he responded. Our jurisdiction arises under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. Finding no meritorious issues for appeal, we grant defense counsel's motion to withdraw and affirm the judgment of the district court.

In his Anders brief, defense counsel first argues that the district court had no jurisdiction in this case because Defendant's alleged criminal conduct occurred on Indian land. Undoubtedly, the district court had jurisdiction in this case. Subsection (a) of 18 U.S.C. § 1153 provides the district court with jurisdiction over the prosecution of an Indian who commits the felony of sexual contact with a minor on Indian land in violation of 18 U.S.C. § 2244. Section 1153 provides in pertinent part:

> Any Indian who commits against the person . . .of another Indian or other person any of the following offenses, namely, . . . a felony under chapter 109A [of which 18 U.S.C. § 2244 is a part], . . . within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

18 U.S.C. § 1153(a). The Supreme Court has recognized that in enacting § 1153, "Congress extended federal jurisdiction to [certain enumerated] crimes committed by Indians on Indian land." Keeble v. United States, 412 U.S. 205, 211 (1973). The crime of sexual contact with a minor is one of those enumerated offenses. Accordingly, we reject Defendant's claim that the district court lacked jurisdiction

2

over his prosecution.

Defense counsel next argues that the information charging Defendant was inadequate because it failed to allege that the victim was an Indian. Defendant's challenge to the sufficiency of the information is baseless. Under the plain language of § 1153(a), the government need only prove that Defendant is an Indian. The statute provides "[a]ny Indian who commits against the person . . . of another Indian <u>or other person</u> . . . ." (emphasis added). Thus, under § 1153(a) the government may prosecute any Indian who commits an enumerated offense on Indian land, regardless of the victim's tribal membership or race.

Lastly, defense counsel argues that the district court imposed an illegal sentence upon Defendant because the court applied the aggravated sexual abuse sentencing guideline although Defendant pled guilty only to sexual abuse. This argument is foreclosed both by the facts of the case and the language of the plea agreement. Defendant admitted that he engaged in a sexual act with the minor victim by intentionally touching her unclothed genitalia with his penis with an intent to arouse and gratify his sexual desire. Rec. Vol. I at doc. #4, pg. 9. Consequently, Defendant as part of his plea agreed to the following:

> The parties further agree that the United States has advised this defendant and his attorney and said defendant fully understands that although he is charged with a violation of 18 U.S.C. § 2244(a)(1), which includes sentencing under the provisions of USSG § 2A3.4, because criminal sexual abuse and/or attempted criminal sexual abuse as defined in 18 U.S.C. § 2241(c) and 2246(2)(D) is involved in this case, the cross reference to

3

USSG 2A3.1, with a higher guideline range, is applicable. Accordingly, the parties agree and acknowledge that at sentencing the defendant will be assessed the same offense level under the Sentencing Guidelines as he would have received if he had pled guilty to the more serious charge of Aggravated Sexual Abuse under 18 U.S.C. § 2241(c), except that he could not be sentenced to more than ten (10) years imprisonment.

Rec. Vol. I at doc. #5, pg. 5.

Defense counsel's Motion to Withdraw is ALLOWED and the judgment of the district court is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge